# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

October 10, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**BAYER CROPSCIENCE, LP,**
**Employer Below, Petitioner**

**vs.)    No. 16-0865**  (BOR Appeal No. 2051317)
                    (Claim No. 2015025648)

**STEVEN DAVIS,**
**Claimant Below, Respondent**

### MEMORANDUM DECISION

Petitioner Bayer Cropscience, LP, by Bradley A. Crouser, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Steven Davis, Pro-se, filed a timely response.

The issue on appeal is whether Mr. Davis's hearing loss is work-related. On May 26, 2015, the claims administrator rejected the claim. The Office of Judges reversed the claims administrator in its April 22, 2016, Order and held the claim compensable for hearing loss. It also modified the date of last exposure to March 1, 2014. The Order was affirmed by the Board of Review on August 17, 2016. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Davis worked as a machine operator for more than twenty years before transitioning to an office job in March of 2015. On March 14, 2015, he alleged occupational hearing loss due to exposure to loud noise from working around equipment and due to his exposure to steam leaks and very loud pumps. P.C. Corro, M.D., stated Mr. Davis had bilateral sensorineural hearing loss directly attributable to or aggravated by industrial noise exposure. The claim was denied by the claims administrator on May 26, 2015.

1

Mr. Davis had a history of ear problems including bilateral tympanic membrane perforations as a child secondary to German measles, reconstructive surgery, ear infections, mastoidectomy, left tympanostomy, allergic rhinitis, and tinnitus. William C. Morgan, M.D., performed audiograms between August 9, 1978, and January 17, 1983. Mr. Davis's hearing was normal in the 1978 audiogram. A 1979 audiogram showed significant hearing loss in the left ear, which remained the same on the 1983 audiogram.

Mr. Davis was treated by Charles Crigger, M.D., on May 24, 2012, for complaints of tinnitus. Dr. Crigger diagnosed left subjective tinnitus, mixed hearing loss, retained foreign body of the middle ear, and post-mastoidectomy complication. Dr. Crigger was concerned that a tube that had been previously placed in the left ear had been dislodged so he performed a middle ear exploration on June 8, 2012. The post-operative diagnosis was adhesive middle ear disease with left tympanic membrane perforation anteriorly and inferiorly. Dr. Crigger found the tympanic membrane perforation and patched it. The tube had not been displaced. On August 3, 2012, Dr. Crigger diagnosed resolved left central perforation of tympanic membrane and noted the problem with the left ear had resolved.

Mr. Davis underwent audiometric testing by Randy Mabry, AuD, on February 6, 2013. The speech reception threshold score for the right ear was 25 and 45 for the left ear. Mr. Davis underwent an audiometric evaluation by Laura Stout, AuD, on July 7, 2014. The test revealed a four frequency score of 145 on the right ear and 170 on the left ear. The speech reception threshold score for the right ear was 35 and 40 for the left ear.

On August 11, 2015, Mr. Davis underwent audiometric testing by the plant nurse, Michelle Brock. This testing was completed yearly. Ms. Brock's August 11, 2015, report detailed results of a previous audiogram dated August 26, 2014, in which the four frequency totals for the right ear was 130 and 160 for the left ear. The audiogram conducted on August 11, 2015, revealed the four frequency totals for the right ear was 150 and for left ear was 180.

Mr. Davis testified before the Office of Judges on October 15, 2015. He said he had been employed with Bayer CropScience for twenty-five years and that he had always worn hearing protection including ear muffs and ear plugs. He switched from working around the machinery to a silent, or office job, in March of 2014, which is when it first occurred to him that he had hearing loss. He had started noticing a change in his hearing about three years prior, but really noticed it when he was not able to hear well at meetings and moved closer to the person speaking in order to hear.

On April 22, 2016, the Office of Judges reversed the claims administrator's May 26, 2015, denial of the claim, and held the claim compensable for hearing loss and modified the date of last exposure to March 1, 2014. The Office of Judges relied on Mr. Davis's Report of Occupational Hearing Loss and found that a preponderance of the evidence showed that he was exposed to hazardous levels of noise in the course of his employment beginning in 1990 and ending in March of 2014. The Office of Judges also found that Mr. Davis had a significant non-compensable conductive component to his hearing loss. It determined that Bayer CropScience failed to prove Mr. Davis had a significant sensorineural hearing loss that pre-existed his

2

employment with them. Mr. Davis did not have sensorineural hearing loss when evaluated by Dr. Morgan on January 17, 1983. The Office of Judges relied on the bone scores of that audiogram to show that Mr. Davis's sensorineural hearing was essentially normal. Therefore, it found Mr. Davis did not have a sensorineural hearing loss in 1983, but he did have a significant conductive hearing loss of the left ear.

The Office of Judges determined the audiograms performed from August 8, 2000, through August 25, 2008, and the audiometric testing performed by the employer from September 15, 2006, through August 26, 2014, did not include bone conduction scores. Therefore, they were deemed to be less reliable in determining Mr. Davis's sensorineural hearing loss. It found the audiograms of Dr. Stout on July 7, 2014, and Dr. Mabry on February 6, 2013, were reliable as both of these practitioners performed bone conduction testing. The Office of Judges determined the comparison of the results of the testing of Dr. Morgan from 1983 that showed no significant sensorineural hearing loss with those of Drs. Stout and Mabry which showed three of four bone conduction totals at 120 or above, constituted preponderant evidence of the existence of a noise-induced hearing loss resulting from Mr. Davis's work at Bayer CropScience. The Office of Judges opined Dr. Corro's opinion supported a finding of hearing loss.

On August 17, 2016, the Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order. After review, we agree with the Office of Judges. The Office of Judges relied on the audiogram results of Drs. Stout and Mabry, which showed Mr. Davis had sustained sensorineural hearing loss. It pointed out that the Michelle Brock, the plant nurse who performed the testing, did not have a Certificate of Clinical Competence in Audiology. The Office of Judges found the reports of Drs. Stout and Mabry to be more reliable, as they included a bone conduction study. While Mr. Davis may have had problems with his ears over the years, those problems did not cause his hearing loss.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  October 10, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Elizabeth D. Walker

**DISSENTING:**
Justice Menis E. Ketchum

3